UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL BENEFIT PROGRAMS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10CV00907 AGF |
| EXPRESS SCRIPTS, INC., Defendant/ Third-Party Plaintiff, | ) |
| v. | ) |
| THE REYNOLDS & REYNOLDS CO. | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff National Benefit Programs, Inc.'s ("NBP") action for breach of contract, unjust enrichment, and promissory estoppel to recover commissions allegedly owed it by Defendant Express Scripts, Inc., ("ESI") came before the Court on motions for summary judgment. In accordance with the Memorandum and Order issued on December 30, 2011, (Doc. No. 152), partial summary judgment was entered in favor of Defendant ESI and against Plaintiff NBP. (Doc. No. 153.) Thereafter, the parties reached a settlement of the remaining issues in this matter.

On January 20, 2012, Defendant filed a bill of costs (Doc. No. 157) in the amount of $21,773.77, which includes $400 for pro hac vice admission, $315 for service of summons, $20,394 for fees of the court reporter, $41.51 for fees for witnesses, $528.26

for fees for exemplification and copies of papers, and $35 for docket fees.  Plaintiff objects to the bill of costs in its entirety and also makes specific objections to certain items in it.  (Doc. No. 163.)  Upon consideration of the briefs submitted and for the reasons set forth below, the proposed bill of costs will be granted in part and denied in part.

**Applicable Law**

Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."  Under the Rule, a "prevailing party is presumptively entitled to recover all of its costs." *168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (quotation omitted).  Only the expenses enumerated in 28 U.S.C. § 1920[1] or other statutory authority may be taxed as "costs" under Rule 54(d).  *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889-90 (8th Cir. 2006) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987)).   Within the statutory framework, the Court has broad discretion to determine and award costs as appropriate in a given case.  *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011); *Little*

---

[1] Section 1920 provides:  A judge or clerk of any court of the United States may tax as costs the following:  (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009) (noting that district courts have broad discretion over the award of costs to a prevailing party).

The taxation of costs under Rule 54(d) is permissive, but there is a strong presumption favoring an award of costs to the prevailing party. *See Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). To rebut the presumption that the prevailing party is entitled to recover all of its costs, a district court must provide a rationale for denying the prevailing party's claim for costs. *Id.* (citing cases).

**Verification Requirements**

Plaintiff first contends that Defendant's bill of costs is invalid because it was filed on an "outdated" form and failed to satisfy the affidavit requirement under 28 U.S.C. § 1920. Defendant initially submitted a "declaration" rather than a sworn affidavit, but subsequently supplemented the initial filing by submitting a sworn affidavit from the attorney of record with its reply brief. Defendant asserts that its supplemental filing was unnecessary, however, as the original declaration satisfied the requirements of § 1920. The Court need not address that issue as the affidavit in the supplemental filing satisfies the requirements of § 1920. If Defendant had not provided a sworn affidavit in its reply, the Court could have required it to do so. *See Alexander Mfg., Inc. Employee Stock Ownership & Trust v. Illinois Union Ins. Co.*, 688 F. Supp. 2d 1170, 1176 (D. Or. 2010) (allowing prevailing party to amend its bill of costs to include a sworn affidavit).

**Fees of the Clerk**

Defendant seeks to recover certain costs categorized as fees of the clerk, specifically the *pro hac vice* admission fees in the amount of $400.  Plaintiff opposes this request, asserting that there are "plenty of attorneys admitted to practice law in . . . Ohio that were capable and competent to represent ESI."  Plaintiff's objection will be denied.  Under Eighth Circuit law, *pro hac vice* fees are recoverable, and the availability of other counsel in a particular forum does not alter this conclusion.  *See Craftsman Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009).  Accordingly, the costs related to *pro hac vice* admissions will be allowed.

**Deposition Costs**

Defendants seek court reporter, videographer and stenographic transcription fees in the amount of $20,394 related to the depositions of nine/10 witnesses.  Plaintiff objects generally to the deposition costs asserting that they were not "necessary" expenses within the meaning of the statute, were incurred six to nine months prior to trial, and were not used in pretrial proceedings.  This argument is without merit.  Transcription fees and other costs related to deposition may be awarded if the deposition was "necessarily obtained for use in a case and was not purely investigative," even if the deposition was not used at trial.  *Smith,* 436 F.3d at 889 (holding that the underlying inquiry in deciding whether to award deposition costs is whether the depositions reasonably seemed necessary at time they were taken) (internal citation omitted) (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997)).  That neither the videotapes nor many of the deposition transcripts were actually used

in relation to Defendant's motion for summary judgment will not by itself bar an award of costs, because at the time of the depositions, it was reasonable to believe that depositions of these witnesses would be necessary at trial. *See Smith,* 436 F.3d at 889.  For this reason, Plaintiff's general objection to Defendant's recovery of costs with respect to each of the depositions will be denied.

Plaintiff next objects to an award of costs with respect to the depositions of two witnesses, Donald Bell and Janice Houseman, former employees of Reynolds & Reynolds, the third-party Defendant, on the grounds that these depositions were not reasonably necessary to resolve the issues in the case. The Court cannot agree.  Due to the complex nature of this litigation, the integral role of the Third-Party claim in the dispute, and the Plaintiff's own identification of these witnesses as persons with knowledge concerning his claims, the Court concludes that at the time these depositions were taken Defendant properly determined that they were reasonably necessary for the resolution of this litigation. Therefore the costs for the stenographic transcription of these depositions will be allowed.  *See Euro Tyres Corp. v. SK Mach. Corp.*, 5:08CV2953, 2010 WL 411236, *2 (N.D. Ohio Jan. 28, 2010) (awarding costs for depositions of employees of third party defendant).

Plaintiff further asserts that Defendant may not recover fees for both stenographic and videographic transcription of the depositions.  Section 1920(2), as amended, provides that the Court may tax as costs "[f]ees for printed **or** electronically recorded transcripts necessarily obtained for use in the case[.]" (emphasis supplied).  The Eighth Circuit has determined that videography costs are recoverable under § 1920, but has not specifically addressed the issue

- 5 -

of whether costs for both stenographic and video recording of depositions should be allowed in a single case. *See Craftsmen Limousine, Inc.*, 579 F.3d at 897; *see also E.E.O.C. v. Hibbing Taconite Co.*, CIV 09-729 RHK/LIB, 2010 WL 4237318, *2 n. 5 (D. Minn. Oct. 21, 2010) (noting that *Craftsmen Limousine* "held that video-deposition costs may be taxed, but it did not address whether both stenographic and video transcript costs are taxable for one deposition."). District courts addressing the issue have generally held that the statute permits recovery of costs for either stenographic transcription or video-recording of depositions, but not both. *MEMC Elec. Materials, Inc. v. Sunlight Group, Inc.*, 4:08CV535 FRB, 2012 WL 918743, *2-3 (E.D. Mo. Mar. 19, 2012); *Clark v. Baka*, 4:07-CV-477-DPM, 2011 WL 2881710, *3-4  (E.D. Ark. July 19, 2011); *Hibbing Taconite Co.*, 2010 WL 4237318, *2-3; *Am. Guar. & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, 4:06CV655RWS, 2010 WL 1935998, *2 (E.D. Mo.  May 10, 2010); *Thomas v. Newton*, No. 4:07CV556AGF, 2009 WL 1851093, *3 (E.D. Mo. June 26, 2009); *but see Farnsworth v. Covidien, Inc.*, 4:08CV01689 ERW, 2010 WL 2160900, *2 (E.D. Mo. May 28, 2010) (allowing costs for video depositions on the general ground that video depositions provide a separate basis for recovery.)

Courts do allow recovery of costs for both stenographic transcription and video recording of depositions but only where the prevailing party offers a persuasive reason for obtaining the video deposition. *Compare E.E.O.C. v. CRST Van Expedited, Inc*, 07-CV-95-LRR, 2010 WL 520564, * 19 (N.D. Iowa Feb. 9, 2010) (vacated on other grounds) (denying costs for videotaping of  depositions where prevailing party had not offered a persuasive reason for both stenographic and video recording of every deposition) *with Lewis*

*v. Heartland Inns of Am., L.L.C.*, 764 F. Supp. 2d 1037, 1048 (S.D. Iowa 2011) (distinguishing *CRST*, and agreeing with the prevailing party that "videotaping this particular deposition was reasonably necessary because [the witness]'s appearance was relevant to the issues raised . . ."); *see also Clark v. Baka*, 2011 WL 2881710, *3-4 (allowing the prevailing party to recover the costs of stenographic transcription, but denying costs for 12 of 13 video depositions requested noting that the "helpfulness" of video recordings does not establish their necessity for purposes of an award of costs)

In this case, Defendant has not offered or demonstrated a persuasive or particular reason to support its assertion that it was reasonably necessary to videotape any of the depositions at issue. Defendant merely states that the costs of video deposition should be allowed, because "it was necessary for ESI's trial preparation to obtain video deposition testimony." Defendant has not asserted a particular reason, such as the importance of the witness and the likelihood that each witness would be unavailable for trial, that might have provided a basis for the award of video deposition costs. The Court therefore declines to award both types of deposition costs in this circumstance. The Court will therefore deny Defendant's request for costs related to the video recording of depositions. On the basis of the forgoing, the Court concludes that Defendant may recover $11,487.25, for all costs attributable to the stenographic recording and transcription of the 10 depositions taken by Defendant.

**Exemplification and Copying Fees**

Defendant seeks $548.26 for copying costs associated with obtaining Plaintiff's medical, social security, and employment records. Plaintiff objects on the ground that the copying fees sought at $.10 per sheet are excessive and were not actually incurred by Defendant because the copies were made "in-house" and not by a copying service. In support of its objection, Plaintiff offers an affidavit from its Office Manager asserting that "sheets of paper cost less than a cent." In response, Defendant asserts that $.10 per sheet reflects the contracted rate that ESI is charged.

A prevailing party need only demonstrate that fees for services such as copying were reasonable, not that they were performed at the cheapest possible rate. Copying fees of as much as $.15 have been found reasonable. *Porter v. McDonough*, No. 092536, 2011 WL 821181,* 3 (D. Minn. Mar. 2 ,2011) (copying costs of $.15/page found reasonable) (citations omitted). Accordingly, costs for exemplification and copying in the amount of $548.26 will be allowed.

**IT IS HEREBY ORDERED** that Defendant's bill of costs (Doc. No. 157) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax the following costs against Plaintiff and in favor of Defendant:

| | |
|---|---|
| Fees of the Clerk: | $     400.00 |
| Deposition Expenses: | $ 11,487.25 |
| Copying Expenses: | $     548.26 |
| Witness Fees: | $       41.51 |
| Docket Fees: | $       35.00 |
| **TOTAL:** | **$ 12,512.02** |

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2012.